IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:05-CR-44-BO-2
No. 5:05-CR-44-BO-4

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DIANE W. PACE and BRENT E. WOOD. | ) | |
| | ) | |

This matter is before the Court on Brent Wood's Motion for a New Trial (DE # 306), Motion to Depose Stanley Van Etten (DE # 341), Motion to Supplement the Record (DE # 367), and Motions to Compel (DE # 369 & 372). Also before the Court are Defendant Diane Pace's Motion for a New Trial (DE #317), Motion to Compel (DE #374), and Motions to Adopt Wood's Motions (DE # 373, 375). For the reasons set forth herein, Wood's Motion to Supplement the record is GRANTED; Pace's Motions to Adopt are GRANTED; and the remaining Motions are DENIED.

## INTRODUCTION

On March 17, 2005, Defendants Brent E. Wood and Diane W. Pace were charged by nine count superseding indictment with conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 371 (count 1), mail fraud in violation of 18 U.S.C. § 1341 (counts 2-7), wire fraud in violation of 18 U.S.C. § 1343 (count 8), and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h) (count 9). These charges arose from alleged misrepresentations made to investors in a venture capital fund.

On May 11, 2006, the jury convicted Wood and Pace on the two conspiracy counts and

six mail fraud counts, but acquitted both on the single count of wire fraud. This Court granted Defendants' motions for judgment and acquittal and conditionally granted a new trial. The Fourth Circuit Court of Appeals reversed this Court's order of judgment and conditional grant of a new trial and reinstated the jury's verdict as to both Defendants. *United States v. Wood*, (Case No. 07-4814), *United States v. Pace*, (Case No. 07-4818). These matters were remanded to this Court for proceedings consisted with the Fourth Circuit's opinion.

Wood and Pace thereafter filed their Motions for a New Trial, to Depose Van Etten, to Supplement the Record, and to Compel. The Government has responded, and these Motions are now ripe for ruling.

## DISCUSSION

Defendants Motions offer four grounds for a New Trial: (1) the weight of the evidence presented at trial does not support the jury's verdict; (2) the proof offered by the Government at trial constructively amended the superseding indictment; (3) newly discovered evidence warrants a new trial; and (4) the government failed to disclose exculpatory evidence prior to trial. Defendants also move to compel further discovery including the deposition of Van Etten on the grounds that exculpatory information was wrongfully withheld by the Government.

### I. The Weight of the Evidence & Constructive Amendment of the Indictment

The Fourth Circuit Court of appeals has already reversed this Court's order of acquittal and conditional grant of a new trail. The Fourth Circuit's Opinion forecloses the possibility of relief either on the grounds that the weight of the evidence did not support the jury's verdict or that the indictment was constructively amended by the proof at trial.

### II. Newly Discovered Evidence

-2-

Defendants are not entitled to a new trial on the basis of newly discovered evidence. In *United States v. Chavis*, 880 F.2d 788, 793 (4th Cir. 1989), the Fourth Circuit explained that a motion for a new trial should be granted only if each of the following five conditions are met: (1) the evidence is newly discovered; (2) the movant exercised due diligence in discovering the evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to the issues; and (5) the evidence would probably result in an acquittal at a new trial. *See also United States v. Custis*, 988 F.2d 1355, 1359 (4th Cir. 1993); *United States v. Singh*, 54 F.3d 1182, 1190 (4th Cir. 1995).

Defendants offer the subsequent statements of several witnesses who testified at trial as newly discovered evidence. A motion for a new trial based upon recantation of trial testimony is regarded "with utmost suspicion." *United States v. Johnson*, 487 F.2d 1278, 1279 (4th Cir. 1973). Accordingly, a motion for a new trial based on recanted trail testimony may be granted only if each of the following three conditions are met: (1) the court is "reasonably well satisfied" that the trial testimony of a material witness was false; (2) without this false testimony, the jury might have reached a different conclusion; and (3) the movant was unable to contradict the false testimony at trial, either because the movant was taken by surprise or was unaware of the falsity until after trial. *United States v. Wallace*, 528, F.2d 863, 866 (4th Cir. 1976).

Defendants first offer testimony of Tom Eilers, John Brothers, Scott Pollock, and Stephen Lack from *WHD, L.P. v. Mayflower Capital, LLC, John D. Brothers, Tom Eilers, Diane Pace, and Brent Wood*, No. 03 CVS 3991 (N.C. Sup. Ct. Sept. 18, 2007), a civil action in North Carolina Superior Court arising out of the same core of operative facts as the instant criminal case that was submitted to mandatory arbitration. Defendants also offer the affidavit of Tom D.

Eilers. Good cause having been shown, Defendant's Motion to Supplement the Record with the affidavit of Mr. Eilers is hereby GRANTED, and this Court will consider the affidavit in conjunction with the whole of Defendants' new evidence.

The arbitration testimony of Brothers, Pollock, and Lack do not warrant a new trial. At best, Defendants have identified minor inconsistencies that do not cast doubt on the trial testimony of these witnesses. Witnesses need not repeat their testimony verbatim in order to avoid a new trial. Indeed, some differences should be expected where these witnesses are asked different questions in a different forum. The government is correct to note that the testimony of Brothers, Pollock, and Lack at arbitration is materially consistent with their trial testimony. And the inconsistencies identified by Defendants would have only a modicum of impeachment value that would not have altered the jury's verdict.

Neither the affidavit of Tom Eilers nor his testimony at arbitration warrant a new trial. At trail, Mr. Eilers admitted to being part of a conspiracy in the limited role of the in-house bookkeeper. He was reluctant to admit that he was part of a criminal enterprise, but admitted that he understood that what was being done was wrong and that he did nothing to stop it. In light of this trial testimony, Mr. Eilers's minor role, and the entirety of the evidence presented at trial against which this subsequent testimony and affidavit now must be weighed, this Court is neither reasonably well satisfied that Mr. Eilers's trial testimony was false nor convinced that the jury's verdict would have been different if Mr. Eilers's testimony at trial were consistent with his affidavit. Accordingly, the whole of the newly discovered evidence presented is not sufficient to justify a new trial.

### III. Pre-Trial Discovery, Deposing Van Etten, & Document Production

Defendants discovery claims center on Stanley Van Etten's marking up of the transcript of grand jury testimony by Scott Pollock and statements to the Government concerning that testimony. Defendants argue that the non-disclosure of this mark-up and statements violated the Jencks Act, 18 U.S.C. § 3500, and *Brady v. Maryland*, 373 U.S. 83, 87 (1963). As such, Defendants argue that a new trial is warranted, that Van Etten may be deposed, and that production must be compelled. But, as explained in this Court's Order entered on February 25, 2010, the Government did not violate either the Jencks Act or the *Brady* rule. Therefore, Defendants may not obtain a new trail on these grounds, and no cause exists to compel the deposition of Van Etten or any other production.

## CONCLUSION

In sum, Defendants have not submitted sufficient grounds for a new trial or further discovery. Therefore, although the Motion to Supplement and Motions to Adopt are GRANTED, the Motions for a New Trial, Motion to Depose Van Etten, and Motions to Compel are DENIED.

SO ORDERED, this 19 day of August, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE