IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No.: 5:05-CR-44-2BO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    **O R D E R** |
| | ) |
| BRENT E. WOOD, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on the government's motion to modify payment schedule

[DE 466]. A hearing on this matter was held in Raleigh, North Carolina on March 21, 2013 at

9:20 a.m. Further, defendant's motion to quash subpoenas, previously held in abeyance, remains

pending before this Court [DE 448]. Also pending before the Court is the defendant's motion to

exceed the page limitation of the Local Rules [DE 472]. The defendant's motion to exceed the

page limitation set by the Local Rules is GRANTED. For the reasons set forth herein, the

government's motion to modify the payment schedule is GRANTED. The defendant's motion to

quash subpoenas is GRANTED IN PART and DENIED IN PART.

## DISCUSSION

### I. MODIFICATION OF THE RESTITUTION PAYMENT SCHEDULE.

This Court entered a judgment against defendant Brent Wood on November 30, 2010. In

addition to sentencing the defendant to a term of probation, the Court ordered that the defendant

pay restitution in the amount of $5,592,578.00. Mr. Wood's three co-defendants were each

1

ordered to pay restitution in the amount of $14,349,820.14, jointly and severally. Regarding the payment of restitution, the judgment provided:

Payment of the special assessment shall be due immediately. Payment of restitution shall be due and payable in full immediately. If the defendant is unable to pay in full immediately, the Court, orders that the probation officer shall take into consideration the defendant's ability to pay the restitution orders and shall submit a payment schedule to the Court for final approval.

Given that the defendant was unable to make an immediate payment of the total amount of the restitution judgment against him, this Court approved the defendant's "proposed restitution payment schedule of $500 per month as being fair, reasonable, and appropriate, subject to later examination by the Court if circumstances change."

The government has now moved to increase the defendant's scheduled monthly restitution payment to $2,500. The defendant argues to the Court that the currently scheduled payments are burdensome and has requested that his payment be reduced to a nominal charge of $25.00 per month or that the remainder of his restitution be forgiven through the court's re-apportionment of liability among the defendants.

The Mandatory Victim Restitution Act (MVRA) limits the Court's authority to modify the restitution judgment that this Court previously entered against defendant Wood. *See* 18 U.S.C. § 3663A. District courts may relax the restitution payment schedule and may apportion restitution among co-defendants at the time of sentencing, but once judgment as been entered against the defendant the Court may not modify or cancel the total amount of restitution. *See United States v. Roper*, 462 F.3d 336, 339 (4th Cir.2006).

Additionally, the Federal Debt Collection Procedures Act (FDCPA) grants the government certain mechanisms through which it can seek collection of restitution debts. *See* 28 U.S.C. § 3205. In 2005, the Fourth Circuit affirmed this Court's approval of a writ of

2

garnishment to collect on a restitution judgment. *See United States v. Idema*, 118 Fed.Appx. 740 (4th Cir. 2005)(unpublished).Pursuant to the FDCPA, the government is entitled to garnish up to 25% of the defendant's disposable income, as that is defined by the act, in satisfaction of a restitution judgment such as the one at issue here. At the hearing on this matter it was apparent to the Court that the government would be entitled to garnish the defendant's wages in an amount exceeding $2,500 per month under the FDCPA. The government has also expressed its willingness to garnish the defendant's wages if the Court fails to impose a monthly payment that it finds satisfactory in amount.

After reviewing the record and thoroughly considering the defendant's current financial situation, the Court grants the government's motion to modify the payment schedule, but approves a monthly payment of only $1,250.00 rather than the monthly payment of $2,500.00 requested by the government. The Court sets this monthly payment without prejudice to future requests for modification or review of the restitution payment schedule.

II.   DEFENDANT'S MOTION TO QUASH SUBPOENAS.

On February 28, 2012, the defendant filed a motion with the Court seeking to quash subpoenas served upon him and requesting that sanctions be imposed on the government in conjunction with the burden placed on defendant Wood arising from those subpoenas. The Court permitted the government to conduct one three-hour deposition of the defendant and held in abeyance its ruling on the defendant's motion. The discovery materials sought by the government's subpoenas were directly related to the defendant's ability to pay a monthly scheduled restitution payment. By this Order, the Court has established a modified monthly restitution payment that takes into account the defendant's current financial situation. As such, there is no longer a need for subpoena power in this regard, continuing discovery on a decided

3

matter would subject the defendant to undue burden, and the government's subpoenas are QUASHED. *See* F.R.C.P. 45(c)(3). The Court quashes these subpoenas without prejudice and acknowledges that future modifications of the defendant's restitution payment plan may require some limited discovery period. To the extent that the defendant's motion seeks any additional relief, including sanctions and injunctive relief against future subpoenas, those requests are DENIED.

CONCLUSION

For the foregoing reasons, the defendant's motion to exceed the page limitation set by the Local Rules is GRANTED. The defendant's motion to quash subpoenas is GRANTED IN PART and DENIED IN PART and the government's subpoenas are QUASHED. Finally, the government's motion to modify payment schedule is GRANTED and the defendant's scheduled monthly payment is increased to $1,250.00.

SO ORDERED.

This the _22_ day of March, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE